## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JAMELL A. RICHMOND, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| SHAWN EMMONS, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-01078-SDG-CMS |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner Jamell A. Richmond, confined at Hays State Prison in Trion, Georgia, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Gwinnett County. (Docs. 1, 9). Petitioner has paid the filing fee. Respondent has filed an answer and response. (Doc. 10).

For the reasons stated below, it is **ORDERED** that Petitioner's request for extradition proceeding (Doc. 23) be **DENIED**, and it is **RECOMMENDED** that the instant petition (Docs. 1, 9) be **DENIED** and this action be **DISMISSED**.

## I.   BACKGROUND

In 2014, following a jury trial, Petitioner was convicted of malice murder, felony murder, three counts of aggravated assault, and the unlawful possession of a firearm during the commission of a felony, and he was sentenced to a total term of life imprisonment. (Doc. 1 at 1); *Richmond v. State*, 799 S.E.2d 220, 221 n.1 (Ga.

2017).  On direct appeal, Petitioner argued that the evidence was insufficient to convict him; the Supreme Court of Georgia affirmed Petitioner's convictions. *Richmond*, 799 S.E.2d 220.

In 2018, Petitioner filed a petition for writ of habeas corpus, subsequently amended, in the Superior Court of Chattooga County.  (Docs. 11-1 to 11-6).  In his petition, he raised the following claims, as interpreted by the state habeas court:

> (1)  Trial counsel was ineffective for failing to investigate Petitioner's mental health illness;
>
> (2)  Trial counsel was ineffective for failing to subject the State's case to meaningful adversarial testing;
>
> (3)  The trial court failed to make an independent competency inquiry related to Petitioner's understanding of the proceedings;
>
> (4)  Appellate counsel was ineffective for failing to investigate Petitioner's mental health issues and trial counsel's failure to investigate Petitioner's mental health issues;
>
> (5)  Trial counsel was ineffective for failing to conduct a reasonable investigation into the crimes and possible defenses;
>
> (6)  Trial counsel was ineffective for failing to adequately investigate Petitioner's history of mental illness;
>
> (7)  Trial counsel was ineffective for failing to investigate all mitigating factors in regards to Petitioner's mental health condition and competency to stand trial;
>
> (8)  Trial counsel was ineffective for failing to raise Petitioner's mental condition as an issue at trial;
>
> (9)  The trial court erred in not causing the issue raised by the special plea to be heard by a special jury;

(10)   Appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to adequately investigate and present Petitioner's mental issues;

(11)   Appellate counsel was ineffective for failing to raise the trial court's error regarding Petitioner's competency;

(12)   Trial counsel was ineffective for failing to raise meritorious claims on direct appeal;

(13)   Appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to investigate Petitioner's mental health issues and present evidence of available testimony of psychiatric problems at trial;[1]

(14)   Appellate counsel was ineffective for failing to raise the trial court's error in not issuing an order scheduling a bench trial on the issue of Petitioner's competency to stand trial;

(15)   Appellate counsel was ineffective for failing to raise the trial court's error in not causing the issue raised by the special plea of incompetency to stand trial to be heard by a special jury;

(16)   Appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to protect Petitioner's due process right to competency to stand trial;

(17)   Appellate counsel was ineffective for failing to conduct a reasonable investigation in raising possible mental health issues on direct appeal;

(13A) Appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to investigate Petitioner's mental health issues and present evidence of available testimony of psychiatric problems in the amended motion for new trial;

(14A) Appellate counsel was ineffective for failing to raise the trial court's error in not issuing an order scheduling a bench trial on

---

[1] Petitioner filed multiple versions of grounds 13-17, herein numbered as Grounds 13-17, Grounds 13A-17A, and Grounds 13B-17B. (*See* Doc. 11-7 at 7 n.1; Doc. 11-3 at 3-5; Doc. 11-4 at 3-5; Doc. 11-5 at 5-8).

the issue of Petitioner's competency to stand trial in the amended motion for new trial;

(15A) Appellate counsel was ineffective for failing to raise the trial court's error in not causing the issue raised by the special plea of incompetency to stand trial to be heard by a special jury in the amended motion for new trial;

(16A) Appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to protect Petitioner's due process right to competency to stand trial in the amended motion for new trial;

(17A) Appellate counsel was ineffective for failing to conduct a reasonable investigation in raising possible mental health issues in the amended motion for new trial;

(13B) Appellate counsel was ineffective for failing to raise in the amended motion for new trial that the trial court erred in not holding an ordered scheduling competency trial by an alleged withdrawn motion stated by the state prosecutor attorney at a motions hearing held during the jury trial proceeding;

(14B) Appellate counsel was ineffective for failing to raise in the amended motion for new trial the trial court's error in not causing the issue raised by the special plea of incompetency to stand trial to be heard by a special jury that was caused by an alleged withdrawn motion stated by the prosecutor attorney motions hearing held during the jury trial proceeding;

(15B) Appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to protect Petitioner's due process right to competency to stand trial in the amended motion for new trial;

(16B) Appellate counsel was ineffective for failing to raise in the amended motion for new trial a claim of prosecutorial misconduct of a false statement of alleged withdrawn motions stated by the state prosecutor attorney at a motions hearing held during the jury trial proceedings;

(17B) Appellate counsel was ineffective for failing to raise in the amended motion for new trial a claim of systematic abuse of prosecutorial discretion when the state prosecutor attorney knowingly assisted the state trial court in erring in not holding the court ordered scheduled competency trial by stating that the ordered competency trial had been withdrawn;

(18)   Appellate counsel was ineffective for failing to argue in the amended motion for new trial that trial counsel was ineffective for failing to conduct a reasonable investigation regarding Petitioner's mental health history and failing to present evidence of available witnesses' testimony of psychiatric problems;

(19)   Appellate counsel was ineffective for failing to argue in the amended motion for new trial that trial counsel was ineffective for failing to subject the State's case to meaningful adversarial testing at a hearing regarding the State's motion in limine;

(20)   Appellate counsel was ineffective for failing to conduct a reasonable investigation into the constitutional right of mental competency in the pleadings of the appeal;

(21)   Appellate counsel was ineffective for failing to argue in the amended motion for new trial that trial counsel was ineffective for having an actual conflict of interest with the prosecutor;

(22)   Appellate counsel was ineffective for failing to argue in the amended motion for new trial that trial counsel was ineffective for failing to adequately investigate and raise the defense of insanity;

(23)   Appellate counsel was ineffective for failing to argue in the amended motion for new trial that trial counsel was ineffective for failing to interview or obtain information from any of the State's witnesses; and

(24)   Appellate counsel was ineffective for failing to argue in the amended motion for new trial that trial counsel was ineffective for failing to protect Petitioner's due process right to a competency hearing.

(Doc. 11-1 at 5-6; Doc. 11-2 at 1-4; Doc. 11-3 at 3-5; Doc. 11-4 at 3-5; Doc. 11-5 at 5-11; Doc. 11-6 at 5-8; *see* Doc. 11-7 at 9-16).  Following an evidentiary hearing, (Docs. 11-11 to 11-15), the state habeas court denied relief in 2020, (Doc. 11-7). The Supreme Court of Georgia denied Petitioner's application for certificate of probable cause in 2021.  (Doc. 11-9).

Petitioner subsequently filed the instant § 2254 petition raising the following claims:

(1)    The trial court erred in not conducting a competency trial, in violation of due process;

(2)    The trial court erred in not causing the issue raised by the special plea of incompetency to be heard by a special jury, in violation of due process;

(3)    The prosecutor gave a false statement that the motion for a competency trial had been withdrawn, in violation of due process;

(4)    Trial counsel was ineffective for failing to adequately investigate Petitioner's documented mental health history;

(5)    Appellate counsel was ineffective for failing to raise on direct appeal the trial court's error in failing to conduct a scheduled competency trial;

(6)    Appellate counsel was ineffective for failing to raise on direct appeal the trial court's error in not causing the issue raised by the special plea of incompetency to be heard by a special jury;

(7)    Appellate counsel was ineffective for failing to raise on direct appeal the prosecutor's false statement that the motion for a competency trial had been withdrawn; and

(8)    Appellate counsel was ineffective for failing to argue in the amended motion for new trial that trial counsel was ineffective

for failing to adequately investigate Petitioner's documented mental health history.

(Doc. 1 at 5-6; Doc. 9 at 2-5).

## II.   DISCUSSION

### A.   *Procedural Default*

"The habeas statute requires applicants to exhaust all available state law remedies before filing a federal habeas petition." *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir. 2007) (citing 28 U.S.C. § 2254(b)(1)(A)).  When a federal habeas petitioner raises unexhausted claims that would be procedurally barred in state court pursuant to state law, the federal court may "treat those claims now barred by state law as no basis for federal habeas relief. . . .  The unexhausted claims should be treated as if procedurally defaulted." *Id.* at 1370 (citation and internal quotation marks omitted).  Doing so allows a federal court to "forego the needless judicial ping-pong" of requiring a petitioner to go to state court to exhaust a claim clearly barred by a state's procedural rules before returning to federal court. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) (internal quotation marks omitted).

Under Georgia law, "[a]ll grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition," and subsequent petitions may assert only grounds that "could not reasonably have been raised in the original or amended petition." O.C.G.A. § 9-14-51.  That statute

"can and should be enforced in federal habeas proceedings against claims never presented in state court." *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998). Furthermore, "[f]ederal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief." *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996). However,

> [a] federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation. . . . To show cause, the petitioner must demonstrate some objective factor external to the defense that impeded his effort to raise the claim properly in state court. . . . [I]f the petitioner fails to show cause, [the court] need not proceed to the issue of prejudice. . . . [I]n order to show prejudice, a petitioner must demonstrate that the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.

*Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (citations and internal quotation marks omitted). "[I]neffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis omitted). "A claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 452 (brackets and internal quotation marks omitted).

Alternatively, the petitioner may obtain federal habeas review of a procedurally defaulted claim if he presents "proof of actual innocence, not just legal innocence." *Ward*, 592 F.3d at 1157. To demonstrate actual innocence, the petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

Here, Petitioner failed to comply with Georgia law because he did not present Claim 3 on direct appeal or state habeas review. To the extent that Petitioner claims ineffective assistance of appellate counsel to establish cause for the default, such claim is unexhausted.[2] *See Edwards*, 529 U.S. at 452. Therefore, Petitioner has not shown cause for his default, and the issue of prejudice need not be considered. Petitioner has also not presented proof of actual innocence. *See Ward*, 592 F.3d at 1157. Accordingly, this claim is procedurally defaulted. *See Ogle*, 488 F.3d at 1370.

---

[2] In Ground 16B of the state habeas petition, Petitioner argued that appellate counsel was ineffective for failing to raise, in the amended motion for new trial, a claim of prosecutorial misconduct in allegedly giving a false statement that the motion for a competency trial had been withdrawn. (Doc. 11-5 at 7). However, Petitioner did not argue that appellate counsel was ineffective for failing to raise this claim on direct appeal. In any event, Petitioner does not raise such a claim of ineffective assistance of appellate counsel in his § 2254 petition.

In addition, in the present case, the state habeas court correctly determined that Claim 1, 2, and 4 were procedurally defaulted because Petitioner did not raise them on direct appeal.[3]  (*See* Doc. 11-7 at 9-10).  The court rested its decision on an independent and adequate procedural bar,  and thus, Petitioner cannot obtain federal habeas review of these claims.  *See Hill*, 81 F.3d at 1022.  Petitioner neither shows cause and prejudice to excuse the default, nor presents proof of actual innocence.[4]  *See Edwards*, 529 U.S. at 452; *Ward*, 592 F.3d at 1157.  Accordingly, because these claims are procedurally defaulted, Petitioner is not entitled to federal habeas relief as to these claims.

### B.      Merits

To prevail on a claim of ineffective assistance of counsel, a prisoner must meet a two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that "counsel's performance was deficient."  *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir. 2019) (internal quotation marks omitted).  Counsel's performance is deficient only if it falls "below an objective standard of reasonableness."   *Id.* (internal  quotation  marks  omitted).   "There  is  a  strong

---

[3] Claim 1 corresponds to Ground 3, Claim 2 corresponds to Ground 9, and Claim 4 corresponds to Grounds 1 and 6 in the state habeas petition. (*See* Doc. 11-1 at 5; Doc. 11-2 at 2-3; Doc. 11-7 at 9-10).

[4] To the extent Petitioner alleges ineffective assistance of appellate counsel to establish cause for the default of these claims, as further explained below, Petitioner has not shown that appellate counsel was ineffective.

presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Second, a prisoner must show that he suffered prejudice as a result of counsel's deficient performance. *Id.* To establish prejudice, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). A court need not address both prongs if a prisoner makes an insufficient showing on one. *Id.*

"Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel" under *Strickland*. *Tuomi v. Sec'y, Fla. Dep't of Corr.*, 980 F.3d 787, 795 (11th Cir. 2020), *cert. denied sub nom. Tuomi v. Inch*, 141 S. Ct. 1721 (2021). "[T]he Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." *Id.* (internal quotation marks omitted). Instead, appellate counsel's performance will amount to prejudice only if "the neglected claim would have a reasonable probability of success on appeal." *Id.* (internal quotation marks omitted). Thus, "if a particular claim itself is without merit, any deficiencies of appellate counsel in failing to raise or adequately pursue it cannot constitute ineffective assistance of counsel." *Franks v. GDCP Warden*,

975 F.3d 1165, 1170 (11th Cir. 2020) (brackets and internal quotation marks omitted).

In the § 2254 context, review of claims of ineffective assistance is "doubly deferential" and "asks only whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (internal quotation marks omitted). As a result, "it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Id.* (internal quotation marks omitted).

With respect to Claim 5,[5] Petitioner claims that appellate counsel was ineffective for failing to raise on direct appeal the trial court's error in failing to conduct a scheduled competency trial. (Doc. 9 at 8). The state habeas court denied this claim on the merits, ruling that appellate counsel was not ineffective because the prosecutor stated that the plea of mental incompetency to stand trial had been withdrawn, no objection had been made by Petitioner, Petitioner's counsel, or the trial judge, and trial counsel told appellate counsel that it was his intention to withdraw the special plea. (Doc. 11-7 at 10).

---

[5] This claim corresponds to Grounds 13B and 14A in the state habeas petition. (*See* Doc. 11-4 at 4; 11-5 at 5; Doc. 11-7 at 10-11).

The state habeas court's ruling did not involve an unreasonable application of the facts or law.  Trial counsel filed a plea of mental incompetency to stand trial. (Doc. 11-11 at 137).  There is no document of a withdrawal of the special plea in the trial record.  However, at the beginning of trial, the prosecutor stated that the special plea had been withdrawn, with no objection to this statement from anybody present at the hearing.  (Doc. 11-12 at 231).  In addition, at the state habeas hearing, appellate counsel testified that trial counsel had told her that he had intended to withdraw the plea because of the lack of support for it.  (Doc. 11-11 at 24).  In particular, appellate counsel testified:

> A    I don't know if there was a written withdrawal of the motion but I know he did and it was his intent to withdraw it.  And the reason for that was because there was no doctor's evidence to support it.  In fact there was no report done.  What Mr. Clegg [Petitioner's trial counsel] advised me was that he had gotten an expert, the expert had evaluated Mr. Richmond and the expert related to him that he could write a report but it would not be helpful to the defendant, and therefore Mr. Clegg chose not to have a report done.

> Q    Did Mr. Clegg give you any idea of what negative things would have been said in the report?

> A    Yes.
> . . .

> [B]asically what Mr. Clegg related to me is that the expert said not only did he not find evidence that would rise to the legal level that we needed for an incompetency defense, but he felt in reviewing, and I can't say exactly what the expert reviewed, if he had his prior medical history or what he reviewed, but the expert said that in reviewing the history or either in talking to Mr. Richmond that it was his opinion that Mr. Richmond was malingering, that he did have some mental issues

> but that over the years he used it to his advantage to get out of trouble.
> So he felt that he couldn't testify in support of it.

(*Id.* at 24-25; *see also id.* at 43 ("[I]n his conversation, in my conversation with him he told me why he did not advance that defense because he didn't have any psychiatric support for it so he did not go forward on those grounds.")).  Based on these facts, appellate counsel's failure to argue on appeal that the trial court had erred in not holding a competency trial did not constitute deficient performance. *See Khan*, 928 F.3d at 1272.  As a result, the state habeas court's determination that appellate counsel was not ineffective did not rest on an unreasonable interpretation of the facts or law.  *See* 28 U.S.C. § 2254(d).  Thus, Petitioner is not entitled to federal habeas relief on this claim.

With respect to Claim 6,[6] Petitioner claims that appellate counsel was ineffective for failing to raise on direct appeal the trial court's error in not causing the issue raised by the special plea of incompetency to be heard by a special jury. (Doc. 9 at 9).  The state habeas court denied this claim on the merits, ruling that appellate counsel was not ineffective for the reasons it gave with respect to Grounds 13B and 14A: that the record showed that the plea had been withdrawn because there was no support for it.  (Doc. 11-7 at 10).

---

[6] This claim corresponds to Grounds 14B and 15 in the state habeas petition. (*See* Doc. 11-3 at 4; 11-5 at 6; Doc. 11-7 at 11).

The state habeas court's ruling did not involve an unreasonable application of the facts or law.  As discussed above, Petitioner's special plea had been withdrawn because trial counsel discovered that there was no psychiatric support for the plea.  Appellate counsel did not perform deficiently for not arguing error with regard to this issue.  As a result, the state habeas court's determination that appellate counsel was not ineffective did not rest on an unreasonable interpretation of the facts or law.  *See* 28 U.S.C. § 2254(d).  Thus, Petitioner is not entitled to federal habeas relief on this claim.

With respect to Claim 7, [7] Petitioner claims that appellate counsel was ineffective for failing to raise on direct appeal the prosecutor's false statement that the motion for a competency trial had been withdrawn.  (Doc. 9 at 9-10).  The state habeas court denied this claim on the merits, ruling that appellate counsel was not ineffective because there was no evidence that the prosecutor's statement was false. (Doc. 11-7 at 11-12).

The state habeas court's ruling did not involve an unreasonable application of the facts or law.  As discussed above, after the prosecutor stated that the special plea had been withdrawn, no objection was made by Petitioner, Petitioner's counsel, or the trial judge.  In addition, as appellate counsel testified above, trial counsel told

---

[7] This claim corresponds to Ground 16B in the state habeas petition.  (*See* Doc. 11-5 at 7; Doc. 11-7 at 11-12).

appellate counsel that it was his intention to withdraw the special plea.  Petitioner has not presented anything showing that the prosecutor's statement that the special plea had been withdrawn was false.  Consequently, appellate counsel's decision not to argue on direct appeal that the prosecutor had made a false statement did not constitute deficient performance.  *See Khan*, 928 F.3d at 1272.  As a result, the state habeas court's determination that appellate counsel was not ineffective did not rest on an unreasonable interpretation of the facts or law.  *See* 28 U.S.C. § 2254(d).  Thus, Petitioner is not entitled to federal habeas relief on this claim.

With respect to Claim 8,[8] Petitioner claims that appellate counsel was ineffective for failing to argue in the amended motion for new trial that trial counsel was ineffective for failing to adequately investigate Petitioner's documented mental health history.  (Doc. 9 at 10-11).  The state habeas court denied this claim on the merits, ruling that appellate counsel was not ineffective because trial counsel had reasonably investigated the issue.  (Doc. 11-7 at 12).

The state habeas court's ruling did not involve an unreasonable application of the facts or law.  At the state habeas hearing, appellate counsel testified:

> Q     Clegg, do you feel as though Clegg should have investigated the history of my mental illness?

---

[8] This claim corresponds to Grounds 18, 10, 13, 13A, and 22 in the state habeas petition.  (*See* Doc. 11-2 at 3; Doc. 11-3 at 3; Doc. 11-4 at 3; Doc. 11-5 at 9; Doc. 11-6 at 6; Doc. 11-7 at 12).

A     I believe that he did.   Normally what we do in those circumstances if mental competency is an issue we engage an expert, the expert conducts the evaluation.   They are the person, I'm not a psychiatrist, I don't know what an expert needs to evaluate your mental health history, so in my trial practice I would get an expert and the expert would request whatever mental health records they felt they needed to review and if they needed assistance in getting them then I would help them.   But just for an attorney to go out and request all these mental health records, you're kind of just shooting in the dark, you need to know what you need.   So I believe that he acted appropriately.   He got the expert and he relied on what the expert told him.

(Doc. 11-11 at 36-37).   In addition, appellate counsel testified:

Q     Petitioner alleges that trial counsel failed to investigate factual defenses. He does not give any more specificity than that.   But in your investigation have you discovered any factual defenses that trial counsel should have investigated?

A     No.   And that's basically relying on Mr. Richmond.   If there's investigation that should have been done the defendant has to specifically say what.   I've had several cases where the defendant will tell me, okay, there was an alibi witness, my defense counsel didn't call him, or something to that effect and I will attempt to find that person.   But from what I recall Mr. Richmond didn't tell me anything specifically that Mr. Clegg did not do.   And I generally ask trial counsel was there something that the defendant asked you to do and did you do it and why not so I can evaluate it for myself.   And I didn't find anything in that case.

(*Id.* at 28).

As further discussed above, trial counsel had engaged the services of an expert to evaluate Petitioner, but the psychiatrist told counsel that not only would he be unable to write a report in support of Petitioner, but he believed that Petitioner was malingering.   (*Id.* at 24-25).   Given that trial counsel had received strongly

17

unfavorable news from the psychiatrist, there was no reason for counsel to investigate further.   Because trial counsel reasonably relied on the expert's evaluation and because Petitioner did not specifically tell appellate counsel how he believed trial counsel failed to investigate his mental health history, appellate counsel did not perform deficiently in failing to argue that trial counsel was ineffective in investigating Petitioner's mental health history.  *See Khan*, 928 F.3d at 1272.  As a result, the state habeas court's determination that appellate counsel was not ineffective did not rest on an unreasonable interpretation of the facts or law. *See* 28 U.S.C. § 2254(d).  Thus, Petitioner is not entitled to federal habeas relief on this claim.

### C.     Motion to Amend

Finally, Petitioner has filed a request for extradition proceeding, which the Court construes as a motion to amend.  (Doc. 23).  In his motion, Petitioner appears to seek to add a claim that his sentence is void, presumably because the State sought to have Petitioner punished as a recidivist.  (*Id.* at 3; *see id.* at 5-7).

Although a court should freely give leave to amend, Fed. R. Civ. P. 15(a)(2), leave to amend is not necessary when amendment would be futile, *Wade v. Daniels*, 36 F.4th 1318, 1328 (11th Cir. 2022); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017) ("Leave to amend a complaint is futile when the complaint as

amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." (internal quotation marks omitted)).

An amendment to a pleading will relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, this rule's "same 'conduct, transaction, or occurrence'" requirement does not mean "same 'trial, conviction, or sentence.'" *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Instead, courts must apply the requirements of Rule 15 to habeas cases as they would civil cases. *Id.* Thus, when the facts in the original complaint do not put a party on notice that new claims might be asserted, "but the new claims instead involve separate and distinct conduct, such that the plaintiff would have to prove completely different facts than required to recover on the claims in the original complaint, the new claims do not relate back." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018) (brackets and internal quotation marks omitted). Instead, to relate back, the original and amended pleadings must "state claims that are tied to a common core of operative facts." *Mayle*, 545 U.S. at 664.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of the dates on which (A)

the petitioner's convictions became final; (B) a state impediment to filing the petitioner's federal habeas petition was removed; (C) a constitutional right on which the petitioner relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (D) the petitioner, with due diligence, could have discovered the facts supporting his claims.  28 U.S.C. § 2244(d)(1)(A)-(D).

Here, Petitioner provides no explanation why he could not have raised his claim that his sentence is void earlier.  At such a late stage, with this case having been fully briefed, Petitioner's failure to provide any explanation is sufficient grounds alone to deny leave to amend.  In any event, Petitioner has not shown that the new claim would properly relate back to the original petition, the new claim would be untimely under § 2244(d)(1), and the new claim would be unexhausted and procedurally defaulted.  *See Ogle*, 488 F.3d at 1370; *Chambers*, 150 F.3d at 1327; O.C.G.A. § 9-14-51.  As a result, amendment would be futile.  *See Wade*, 36 F.4th at 1328.  Accordingly, Petitioner's request for extradition proceeding (Doc. 23) is **DENIED**.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must

state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

## IV.   CONCLUSION

For the reasons stated above, it is **ORDERED** that Petitioner's request for extradition proceeding (Doc. 23) be **DENIED**, and it is **RECOMMENDED** that this action be **DISMISSED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 1st day of March, 2023.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE