IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMELL A. RICHMOND,
    Petitioner,

v.

SHAWN EMMONS,
    Respondent.

Civil Action No.
1:21-cv-01078-SDG

**OPINION AND ORDER**

This matter is before the Court for consideration of United States Magistrate Judge Catherine M. Salinas's Order and Final Report and Recommendation (the R&R) [ECF 25], which recommends that Petitioner Jamell A. Richmond's 28 U.S.C. § 2254 petition for a writ of habeas corpus be denied. Richmond has filed what he styled as a "Motion to Alter or Amend Judgment" [ECF 27] and a "Reply Suggestion" in support of that motion [ECF 29]; the Court construes the motion and subsequent supportive filing as his objections to the R&R and considers them now. The Court **OVERRULES** the objections and **ADOPTS** the R&R for the reasons discussed below.

**I.     Background**

Richmond, then an inmate at Hays State Prison in Trion, Georgia, filed the instant petition challenging his 2014 convictions in Gwinnett County Superior Court for malice murder, felony murder, armed robbery, five counts of aggravated

assault, and the unlawful possession of a firearm during the commission of a felony.[1] In the petition, Richmond raised eight claims for relief:

    (1) The trial court erred in not conducting a competency trial;

    (2) The trial court erred in not causing the issue raised by the special plea of incompetency to be heard by a special jury;

    (3) The prosecutor gave a false statement that the motion for a competency trial had been withdrawn;

    (4) Trial counsel was ineffective for failing to adequately investigate Richmond's documented mental health history;

    (5) Appellate counsel was ineffective for failing to raise on direct appeal the trial court's error in failing to conduct a scheduled competency trial;

    (6) Appellate counsel was ineffective for failing to raise on direct appeal the trial court's error in not causing the issue raised by the special plea of incompetency to be heard by a special jury;

---

[1] The felony murder conviction was vacated by operation of law and one of the aggravated assault convictions merged with the malice murder conviction. The trial court imposed a combined sentence of life without parole plus five years. *Richmond v. Georgia*, 300 Ga. 891, 893 n.1 (2017). The Georgia Supreme Court affirmed Richmond's convictions and sentence. *Id.* Richmond unsuccessfully sought habeas corpus relief in Chattooga County Superior Court [ECFs 11-1 to 11-7] and the Georgia Supreme Court denied Richmond's application of probable cause to appeal the denial of habeas corpus relief. ECF 11-9.

      (7)      Appellate counsel was ineffective for failing to raise on direct appeal the prosecutor's false statement that the motion for a competency trial had been withdrawn; and

      (8)      Appellate counsel was ineffective for failing to argue in the amended motion for new trial that trial counsel was ineffective for failing to adequately investigate Richmond's documented mental health history.[2]

Richmond's claims (1)–(4) all raise claims of error at the trial-court level. Judge Salinas determined these claims were procedurally barred and that Richmond failed to demonstrate either cause and prejudice or a miscarriage of justice to lift the procedural bar.[3]

Richmond's claims (5)–(8) all raise claims of ineffective assistance of appellate counsel and all concern the fact that the trial court did not hold a hearing to determine whether Richmond was mentally competent to stand trial. Judge Salinas reviewed these claims and determined that, under 28 U.S.C. § 2254(d), this Court must defer to the state habeas corpus court's reasonable findings and conclusions that Richmond is not entitled to relief.[4]

---

[2]    ECF 25, at 6–7 (citing ECF 1, at 5–6; ECF 9, at 2–5).

[3]    *Id.* at 9–10.

[4]    *Id.* at 14–18.

**II.     Legal Standard**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III. Discussion

None of Richmond's objections concern claims (1)–(4). The R&R was not clearly erroneous in concluding that those claims are procedurally barred, so it is accordingly **ADOPTED** as to those claims.

Claims (5)–(8) hinge on whether Richmond's appellate counsel was ineffective. As discussed in greater detail in the R&R,[5] establishing a claim of ineffective assistance requires Richmond to show that counsel's performance was deficient, and that Richmond suffered actual prejudice because of the deficiency. *See generally Strickland v. Washington*, 466 U.S. 668 (1984). Prejudice is shown when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).

Richmond's objections generally restate the arguments that he made to Judge Salinas. *See Patel v. United States*, 2019 WL 571740, at *1 (N.D. Ga. Feb. 12, 2019) ("[G]eneral objections, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object.") (quotation and citation omitted). Even considering them, Richmond has not

---

[5] ECF 25, at 10–12.

presented sufficient evidence or argument to demonstrate prejudice under *Strickland*.

As claims (5)–(8) relate to the fact that the trial court did not hold a competency hearing, the record shows that Richmond's trial counsel filed a plea of mental incompetency and sought funds to hire a mental health expert.[6] However, the expert determined that Richmond was not incompetent to stand trial and might have been malingering.[7] Upon hearing the results of the expert's evaluation, trial counsel determined that pursuing a competency evaluation would not be in Richmond's best interests and withdrew the incompetency plea.[8] Richmond's arguments regarding the fact that nothing in the record shows that the incompetency plea was formally withdrawn are immaterial; the record shows it was, in fact, withdrawn.[9] Put simply, Richmond's trial counsel had a reasonable strategic basis for not seeking an incompetency declaration (*i.e.*, because there was

---

[6] ECF 11-7, at 3.

[7] ECF 11-11, at 24–25.

[8] *Id.* at 24. The record reflects that there was no formal withdrawal of the competency plea. "[D]uring trial, one of the attorneys advised the Court it was withdrawn," and trial counsel advised that "the expert had evaluated Mr. Richmond and related to him that he could write a report but it would not be helpful . . . and therefore [trial] counsel chose not to have a report done." *Id.*

[9] At the beginning of the trial, the prosecutor announced on the record that the special plea had been withdrawn, and no objection or correction was made by Richmond, his counsel, or the trial judge. ECF 11-7, at 10.

no evidence to support it) and appellate counsel cannot be faulted for failing to raise issues on appeal that had no chance of succeeding.

Moreover, in order to demonstrate prejudice, Richmond must show at least a reasonable probability that the trial court would have found him incompetent to stand trial, and his only evidence in support of that proposition—the mental health evaluations that he introduced into the record of the state habeas corpus action—fall far short of that mark.[10] While those evaluations show that Richmond had some mental health issues, they also establish that he was coherent and conversive and that he understood what was happening around him.[11] Richmond has not otherwise presented any evidence that might tend to show that he was even arguably incompetent to stand trial, and, as mentioned above, the competency expert evaluated Richmond and determined that he was not incompetent.[12] Accordingly, Richmond has not shown that any failure by his appellate counsel to raise claims about the absence of a competency hearing caused him prejudice, and

---

[10] Under Georgia law, a criminal defendant is competent to stand trial if he is "capable of understanding the nature of the proceedings and assisting his attorney." *Johnson v. Georgia*, 209 Ga. App. 514, 515 (1993). "Mental competency is presumed, so absent evidence of a defendant's incompetency, a trial court need not conduct a competency hearing." *Powers v. Georgia*, 314 Ga. App. 733, 734 (2012) (citation omitted).

[11] ECF 11-11, at 61–74 (rating, for example, Richmond's abstract reasoning, intellectual functioning, judgment, and insight as "normal" or "fair"), 84–94.

[12] *Id.* at 24–25.

claims (5)–(8) thus fail. Accordingly, Richmond's objections are **OVERRULED**, and the R&R is **ADOPTED** on claims (5)–(8) as well.

## IV. Conclusion

Having determined that Richmond has not demonstrated that he is entitled to habeas corpus relief, his objections [ECF 27, 29] are **OVERRULED**, the R&R [ECF 25] is **ADOPTED** in its entirety as the Order of the Court, and Richmond's 28 U.S.C. § 2254 petition for a writ of habeas corpus is **DENIED**.

The Court **DECLINES** to issue a certificate of appealability. Richmond has not shown that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right or (2) this Court was correct in its procedural rulings. *Lambrix v. Sec'y, Dep't of Corrs.*, 872 F.3d 1170, 1179 (11th Cir. 2017); 28 U.S.C. § 2253(c)(2). Richmond may seek certification from the Eleventh Circuit under Federal Rule of Appellate Procedure 22 for review of this Order. R. 11(a), R. Governing § 2254 Cases in the U.S. Dist. Cts.

The Clerk is **DIRECTED** to terminate the motions appearing at ECF 27 and ECF 29. The Clerk is further **DIRECTED** to close the case.

**SO ORDERED** this 9th day of February, 2024.

Steven D. Grimberg
United States District Court Judge